```
               IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA
                          Alexandria Division

ALEXANDER OTIS MATTHEWS,           )
                                   )
          Plaintiff                )
                                   )
     v.                            )      1:14cv00810  (LMB/TRJ)
                                   )
HSBC BANK USA, NATIONAL            )
ASSOCIATION, et al.,               )
                                   )
          Defendants.
```

<u>MEMORANDUM OPINION</u>

Before the Court is Plaintiff's Fed. R. Civ. P. Rule 59(e)
Motion [Dkt. No. 18]("Rule 59(e) Motion"), in which he asks the
Court to vacate the Order dismissing this lawsuit with
prejudice. For the reasons that follow, the motion will be
DENIED.

## I.   BACKGROUND

On May 14, 2014, plaintiff Alexander Otis Matthews
("Matthews" or "plaintiff"), suing in "his personal capacity as
sole and managing member for Farmville Group LLC" brought this
action in the Circuit Court for Fairfax County against
defendants HSBC Bank USA, National Association ("HSBC"),
America's Servicing Company ("ASC"), and Professional
Foreclosure Corporation of Virginia ("PFC") (collectively
"defendants"), asserting that they wrongfully foreclosed on a
Dunn Loring, Virginia property owned by Farmville Group, LLC

("Farmville"). Plaintiff seeks over $2 million in damages. Defendants removed the action to this court on June 26, 2014. See Notice of Removal [Dkt. No. 1]. In his Complaint, plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1962 et seq., the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, common law negligence, and violations of his First and Fourteenth Amendment rights to "due process of law" and to seek "redress for his legal grievances."

Although he is before this court due to removal of the Complaint, Matthews is no stranger to the federal judicial system. On September 30, 2011, he pleaded guilty in this court to charges of bank fraud and wire fraud. Plea Agreement, No. 1:11-cr-00348 [Dkt. No. 3]. In his plea, Matthews admitted to using straw borrowers to apply for and obtain more than $10 million for the purchase of real estate, Statement of Facts, No. 1:11-cr-00348 [Dkt. No. 4] at 3, and admitted to using Farmville to help obtain those fraudulent loans. Transcript of Plea Hearing, No. 1:11-cr-00348 [Dkt. No. 22] at 11. Matthews' pretrial release was revoked before his conviction upon a finding that he had committed bankruptcy fraud while on release. Order of June 17, 2011, No. 1:11-cr-00087 [Dkt. No. 41]. In the fraudulent bankruptcy filing, Matthews listed his name as "Al

Mather" with the Dunn Loring property at issue in this case being used for his mailing address. On September 30, 2011 Matthews was sentenced to 120 months in prison for his crimes. No. 1:11-cr-00348 [Dkt. No. 9].[1] Matthews is currently incarcerated in the Berlin Federal Prison Camp in Berlin, New Hampshire. See Plaintiff's Objection to Defendants' Motion to Dismiss [Dkt. No. 13], at 19.

On July 25, 2014, this Court granted defendant's Motion to Dismiss and dismissed Matthews' Complaint on the procedural ground of lack of standing because non-human entities, like Farmville, cannot appear in court without counsel. Although Matthews filed this Complaint in his personal capacity, he clearly did so attempting to assert Farmville's rights.

## II.  DISCUSSION

Matthews chiefly argues that the Court erred in finding that he lacked standing to personally assert the rights of Farmville LLC because he claims to be the liquidating trustee of an LLC under Va. Code Ann. 13.1-1048(C), although he did not

---

[1] In his Rule 59(e) Motion, Matthews argues that the two convictions are not final because he is challenging them under Fed.R.Crim.P. Rule 60(b); however, the 4th Circuit previously denied his first motion for relief under 28 U.S.C. § 2255 and his motion seeking leave to file a second motion under § 2255. United States v. Matthews, No. 13-6759, slip op. at 2 (4th Cir. Sept. 30, 2013); In re Matthews, No. 14-170 (4th Cir. April 7, 2014).

describe himself as a liquidating trustee in his complaint.[2]
Defendants oppose the motion arguing that plaintiff failed to
identify his status as a liquidating trustee in either his
Complaint or opposition to the Motion to Dismiss. They also
repeat their substantive arguments supporting dismissal.

Rule 59(e) motions allow for the amendment or alteration of
a final judgment, but are granted in only "three circumstances:
(1) to accommodate an intervening change in controlling law; (2)
to account for new evidence not available at trial; or (3) to
correct a clear error of law or to prevent manifest injustice."
Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 197 (4th
Cir. 2006)(internal quotation marks omitted). Such motions "may
not be used . . . to raise arguments which could have been
raised prior to issuance of the judgment, nor may they be used
to argue a case under a novel legal theory that the party had
the ability to address in the first instance." Pac. Ins. Co. v.
Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).
Matthews' motion does not state under which circumstance he is
seeking relief; however, based on his motion, it appears he is
arguing that this Court made a clear error of law when it

---

[2] Matthews argues that this power comes from Va. Code Ann. 13.1-
1048(B), citing Gen. Tech. Apps. V. Exro Ltda., 388 F.3d 114,
119 (4th Cir. 2004). The language on which Matthews relies was
moved to 1048(C) on April 1, 2009 (i.e., after Gen. Tech. was
decided). See Va. Code Ann. 13.1-1048(C).

dismissed his action. As explained below, there is no merit to this argument.

At the outset, defendants properly argue that the motion should be denied because plaintiff failed to raise Farmville's cancellation as an LLC and his resulting status as a liquidating trustee in either his Complaint or his opposition to the Motion to Dismiss, although he clearly knew about the cancellation of Farmville's status as an LLC.[3] Matthews has provided no legitimate justification for that failure. Therefore, on this ground alone, his motion can be denied. See Willis N. Am. Inc. v. Walters, 2011 WL 3703301 (E.D. Va. Aug. 23, 2011) (denying a Rule 59(e) motion where arguments in the motion could have been made before judgment was entered).

In addition to this procedural basis to deny plaintiff's motion, the motion fails on its merits. A limited liability corporation exists as "an entity separate from its members." 1924 Leonard Road, LLC v. Van Roekel, 636 S.E.2d 378, 384 (Va. 2006). Under Virginia law, an LLC must pay yearly fees to remain in operation. Va. Code Ann. § 13.1-1061. If it fails to pay these fees, the LLC's certificate of operation is automatically cancelled. Id. § 13.1-1050.2(A). Once its certificate is

---

[3] Matthews attached to his Rule 59(e) Motion what purports to be a letter from the Virginia Corporation Commission dated December 13, 2013 indicating Farmville's cancellation effective June 30, 2012. Matthews filed this action on May 14, 2014.

cancelled, the properties and affairs of the LLC pass to its members, not as individuals but as "trustees in liquidation." Id. § 13.1-1050.2(C). Members of a former LLC who become trustees in liquidation have specific powers, allowing them to act "in the name and on behalf of the limited liability company." Id. § 13.1-1048(C). One such power is the power to "prosecute and defend suits, whether civil, criminal or administrative;" however, that power remains only "until the effective date of a certificate of cancellation" is issued by the State Corporation Commission. Id. In addition, members acting as trustees in liquidation may only act in the name and on behalf of the LLC. Id.

Matthews, therefore, is wrong when he argues that the language in 1048(C) gives him the power to prosecute this suit on behalf of Farmville in his personal capacity. As a trustee in liquidation, he would have to file any action explicitly on behalf of Farmville, which he has not done.

Moreover, the § 1048(C) power to "prosecute and defend suits" does not survive the effective date of Farmville's certificate of cancelation. Matthews admits in his Motion that "Farmville's certificate of operation was cancelled [sic] on June 30, 2012." Rule 59(e) Motion at 1. He has also submitted what purports to be a letter from the Virginia State Corporation

6

Commission, confirming that Farmville ceased to exist on June 30, 2012. Id. at 3. As Matthews puts it: "Farmville's certificate of operation was automatically cancelled [sic] long before this suit was filed." Id. at 1.

Matthews attempts to rely on Gen. Tech. Apps, Inc. v. Exro Ltda, 388 F.3d 114 (4th Cir. 2004). In that case, the corporate manager-member of an LLC sought to bring an action in its own name for a violation of the LLC's property rights, after the LLC had been automatically canceled for nonpayment of fees. Id. at 119. Although recognizing that the LLC property passed in trust, the Fourth Circuit found that the manager-member was "still without standing to pursue its own action" because "the legal rights at issue . . . are not [the manager member]'s to pursue individually." Id. Similarly, any rights at issue in this case belong to Farmville, not to Matthews personally. Thus, the conclusion that Matthews does not have standing to bring this action is not erroneous.

Defendants also based their motion to dismiss on Fed. R. Civ. P. 12(b)(6), and they repeat these arguments in their opposition to plaintiff's motion. In his reply, plaintiff briefly addresses defendants' arguments, all of which are meritorious. When a defendant challenges the sufficiency of claims made in a complaint pursuant to Fed. R. Civ. P. 12(b)(6),

the Court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law." O'Ryan v. Dehler Mfg. Co., Inc., 99 F. Supp. 2d 714, 718 (E.D. Va. 2000). In addition, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, parties must "nudge[] their claims across the line from conceivable to plausible" to survive a Rule 12(b)(6) motion. Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### a. FDCPA

"To establish a violation of the FDCPA, three requirements must be satisfied: (1) the plaintiff who has been the target of collection activity must be a 'consumer', as defined in § 1982a(3); (2) the defendant collecting the debt must be a 'debt collector', as defined in § 1692a(6); and (3) the defendant must have engaged in any act or omission in violation of the FDCPA." Morgan v. Credit Adjustment Bd., Inc., 999 F. Supp. 803, 805 (E.D. Va 1998). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)

Neither Farmville nor Matthews qualify as "consumers" under the FDCPA. Farmville is not a consumer because, as an LLC, it is not a natural person. Matthews is not a consumer with respect to the loan at issue because he was not obligated or allegedly obligated to pay the debt; instead, and as Matthews admits, the loan was made to a "Sean Andrews", whose name appears on the mortgage in issue. Sean Andrews is the "person obliged to pay the debt." Plaintiff's Objection to Defendants' Motion to Dismiss [Dkt. No. 13] at 14. Therefore, Sean Andrews is the consumer in this transaction; Matthews is not.

Matthews argues that other factors, for example that defendants sent their notices of default to him at the Dunn Loring address, somehow make him a consumer even though he is not obligated to pay the debt. Id. at 13. That argument fails

9

for several reasons. First, the notices were not addressed to him, but were sent to Farmville at the Dunn Loring address. Second, the FDCPA specifically restricts a "consumer" to a person "obligated or allegedly obligated to pay a debt." The statute does not provide for any other person to bring a claim under the FDCPA, and Matthews does not cite any authority which expands the clear statutory definition. Because neither Matthews nor Farmville is a consumer under the FDCPA the complaint does not set forth a plausible FDCPA violation.

### b. Bankruptcy

Federal courts should not imply a private cause of action where Congress did not create one. See Nw. Airlines v. Trans. Workers, 451 U.S. 77, 97 (1981). "11 U.S.C. § 362 does not create a private cause of action outside of the Bankruptcy Court for violations of automatic stay." Scott v. Wells Fargo Home Mortgage, Inc., 326 F.Supp.2d 709, 719 (E.D. Va 2003), aff'd sub nom. Scott v. Wells Fargo & Co., 67 F. App'x 238 (4th Cir. 2003). Therefore, sanctions for violations of an automatic stay must be sought in bankruptcy court, and not in district court. Id.

Matthews argues that defendants violated the automatic stay created by Farmville's filing for Chapter 11 bankruptcy on February 7, 2013. In his bankruptcy filings, Matthews signed his papers "Farmville Group LLC, By: Alexander Matthews,

10

Manager/Sole Member." See, e.g., Motion to Appoint Counsel, No. 13-11635-RGM [Dkt. No. 6]. That filing appears to directly contradict Matthews' assertion in the present motion that Farmville ceased to exist on June 30, 2012. Moreover, given the record of Matthews improperly using the bankruptcy system as part of his fraud scheme, his reliance on the automatic stay is bogus. Additionally, as the defendants point out, the bankruptcy court had actually dismissed the proceeding when defendants effected the foreclosure. For these reasons, this Court is not the proper place to seek sanctions for purported violations of the automatic stay. Indeed, on April 23, 2013 Matthews filed an adversary proceeding in a separate bankruptcy case arguing that the automatic stay had been violated. Complaint, No. 13-01103-RGM [Dkt. No. 1]. That complaint was summarily dismissed by the bankruptcy court eight days later. Order Dismissing Adversary Proceeding, No. 13-01103-RGM [Dkt. No. 8]. Because any private cause of action for a violation of an automatic stay rises in bankruptcy court, and not in district court, Matthews' complaint does not make out a plausible claim.

### c. Negligence

"The elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in

damage to the plaintiff." Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc., 624 S.E.2d 55, 62 (Va. 2006).

Matthews alleges that defendants violated legal duties imposed by the FDCPA and bankruptcy statutes. This claim is meritless because as discussed above, the alleged duties under the FDCPA and bankruptcy statutes are not owed to him.  Matthews has failed to identify any duties that defendants owed to him personally. He has also failed to allege any negligent acts. Therefore, he has not pleaded a plausible claim for negligence.

### d. Constitutional violations

Lastly, Matthews argues that defendants have violated his due process rights and chilled his First Amendment rights. See Notice of Removal [Dkt. No. 1] at 7. "[T]he Due Process Clause protects individuals only from governmental and not from private action." Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 930 (1982). By its text, the First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech, or of the press." U.S. Const. Amdt. I. The First Amendment applies to state governments and their officials as well. United Broth. Of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 831 (1983). Whether action is state action depends on "whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority," and "whether the private party charged with the

12

deprivation can be described as a state actor." Georgia v. McCollum, 505 U.S. 42, 50-51 (1992).

None of the defendants are state actors; instead, all of the defendants are private corporations. Moreover, Matthews has failed to allege that the claimed deprivations resulted from the exercise of a right or privilege having its source in state authority. Therefore, he has not raised a plausible claim of a constitutional violation.

### III.   CONCLUSION

For all the reasons stated above, the plaintiff's Fed. R. Civ. P. 59(e) Motion will be DENIED by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 29 day of August, 2014.

Alexandria, Virginia

                                              /s/
                                         Leonie M. Brinkema
                                         United States District Judge

13